UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| STEVE ODISH, | ) | Case No.: 12cv1710 AJB (DHB) |
| Plaintiff, | ) ) | ORDER: |
| v. | ) ) | 1) GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS |
| CACH, LLC, and MANDARICH LAW GROUP, LLP | ) ) ) | (Doc. No. 10); and |
| Defendants. | ) ) ) | 2) DENYING DEFENDANTS' MOTION FOR RULE 11 SANCTIONS (Doc. No. 18) |

On July 11, 2012, Plaintiff Steve Odish ("Plaintiff") filed suit against Defendants CACH, LLC

("CACH") and Mandarich Law Group, LLP ("Mandarich") (collectively, "Defendants"), alleging

various violations of the federal Fair Debt Collection Practices Collection Act, 15 U.S.C. § 1692, *et seq*.

("FDCPA"). Presently before the Court are Defendants' motion for judgment on the pleadings pursuant

to Federal Rule of Civil Procedure 12(c), [Doc. No. 10], and Defendants' motion for sanctions under

Rule 11, [Doc. No.18].[1]  On October 10, 2012, Plaintiff filed an opposition to Defendants' motion under

---

[1] Defendants have contemporaneously submitted a request for judicial notice as to the pleadings in the State Court Action. [Doc. No. 10.]  Under Federal Rule of Evidence 201(b), federal courts routinely take judicial notice of papers filed in state court and of state court orders.  *See Porter v. Ollison*, 620 F.3d 952, 955 n.1 (9th Cir. 2010); *Burbank–Glendale–Pasadena Airport Auth. v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir. 1998).  Accordingly, the Court takes judicial notice of the summons and complaint in the State Court Action entitled *CACH, LLC v. Steve Odish*,  filed on March 29, 2012, Case No.: 37-2012-00066473-CL-CL-EC.

Rule 12(c)[2], [Doc. No. 20], and on October 12, 2012 Defendants filed a reply, [Doc. No. 21].  On

October 23, 2012, Plaintiff filed an opposition to Defendants' motion under Rule 11. [Doc. No. 24.]  In

accordance with Civil Local Rule 7.1.d.1, the Court finds both motions suitable for determination on the

papers and without oral argument.  Accordingly, the motion hearing scheduled for December 21, 2012

regarding the Rule 12(c) motion is hereby vacated, and the motion hearing scheduled for December 7,

2012 regarding the Rule 11 motion is hereby vacated.  For the reasons set below, the Court **GRANTS**

Defendants' motion for judgment on the pleadings and **DENIES** Defendants' motion for sanctions.

## BACKGROUND

Plaintiff filed the instant Complaint alleging Defendants violated the federal Fair Debt Collection

Practices Act, 15 U.S.C. § 1692 *et seq* ("FDCPA"), by seeking to collect a debt originally owed to GE

Money Bank.[3]  [Compl. ¶ 20.]  Plaintiff alleges that although he currently "takes no position as to the

validity of this alleged debt," [*Id.*], if the debt is valid, it falls within the definition of "debt" under 15

U.S.C. § 1692(a)(5). [*Id.* at ¶¶ 19, 20.]  The alleged debt was then assigned, placed, or otherwise

transferred to CACH, a debt collector as defined under the FDCPA.  Subsequently, CACH retained

Mandarich, also a debt collector, to proceed with legal action against Plaintiff for the collection of

Plaintiff's alleged debt.  [*Id.* at ¶ 22.]  On March 29, 2012, Mandarich, in the name of CACH, filed a

state collection case against Plaintiff in San Diego Superior Court, Case No.: 37-2012-00066473-CL-

---

[2] The Court is cognizant that Plaintiff filed his opposition to Defendants' motion twelve days after the Court's deadline and only two days before Defendants' were instructed to reply to his opposition.  Although Civil Local Rule 7.1.f.3.c states that a parties' failure to file in accordance with the court's scheduling order may constitute consent to the granting of the motion, the Court nonetheless considers the merits of both parties' arguments when ruling on the current motion.  However, Plaintiff's counsel is informed that any future failures to comply with this Court's scheduling Orders will result in a waiver of a consideration of his arguments, and consent to granting of the motion.

[3] There are currently four cases before the Court involving the same Defendants, and the same Counsel for both parties.  *Odish v. CACH, LLC*, 12-cv-1710; *Benedict v. CACH, LLC*, 12-cv-1072; *Jackson v. CACH, LLC*, 12-cv-1365, and *Culp v. CACH, LLC*, 12-cv-927.  A case with similar facts and parties is currently on appeal after Judge Anello granted Defendants' motion for judgment on the pleadings without leave to amend. *See Hashimi v. CACH, LLC*, Case No. 3:12-cv-01010-MMA-BLM. The *Hashimi* case was brought against CACH, LLC and not Mandarich.  Furthermore, CACH was represented by different counsel than the four cases presently before this Court.  On September 12, 2012, Plaintiff Benedict filed a Notice of Related Cases, (12-cv-1072, Doc. No. 28), relating all five cases.  This notice of related cases came after this Court denied Plaintiff's *ex parte* motion to stay the remaining cases pending the appeal in the *Hashimi* case.

1  CL-EC (the "State Court Action"), alleging causes of action for breach of written contract and account
2  stated.  [*Id.* at ¶¶ 23, 25.]

3      The basis of Plaintiff's claims in federal court under the FDCPA concern allegations made by
4  CACH in the State Court Action.  Therefore, because the Court takes judicial notice of the summons and
5  the complaint filed in the State Court Action, as requested by the Defendants and unopposed by the
6  Plaintiff, the allegations by CACH against Plaintiff are as follows.  [Doc. No. 11, Ex. 1.]  According to
7  CACH, GE Money Bank issued Plaintiff a credit card subject to the terms of the credit card application
8  and the written terms and conditions sent with the card (the "Account").  [*Id.* at ¶ 5.]  Upon issue of the
9  credit card, Plaintiff agreed to comply with the written terms and conditions governing the use of the
10  card, including repaying GE Money Bank for any charges on the Account.  [*Id.* at ¶ 7.]  Plaintiff's
11  compliance, which included payment of any charges or late fees, was reaffirmed each time Plaintiff used
12  the credit card.

13      During the four years prior to the commencement of the State Court Action, Plaintiff failed,
14  refused, and/or neglected to make payments to GE Money Bank according to the terms and conditions
15  governing the Account.  [*Id.* at ¶ 10.]  The Account was then assigned for value by GE Money Bank to
16  CACH, making CACH its current holder.  [*Id.* at ¶ 6.]  As of May 9, 2011, Plaintiff owed $9,972.92 on
17  the Account inclusive of interest.  [ *Id.* at ¶ 11.]  Although demand was made to pay this amount, and
18  GE Money Bank and CACH have performed all promises, conditions, and agreements on their part,
19  Plaintiff has currently failed to make payment on the delinquent account.[4]  [*Id.* at ¶¶ 12, 13.] Based on
20  these allegations, CACH commenced the State Court Action on March 29, 2012 against Plaintiff for
21  breach of written contract and account stated.  [*Id.* at ¶¶ 16, 19.] The state court collection action has
22  since been dismissed by Defendants without prejudice.

23      Plaintiff filed the instant federal action on July 11, 2012, alleging multiple violations of the
24  FDCPA.  Primarily, Plaintiff alleges that the State Court Action was filed not to pursue legitimate
25  litigation, but to "cause financial hardship" with the intent of "coercing the plaintiff to settle the action."
26  [Compl. ¶ 24.]  Defendants move for judgment on the pleadings pursuant to Rule 12(c), [Doc. No. 10],

27
28      [4] The terms and conditions of the Account require the Plaintiff to reimburse GE Money Bank,
    and therefore CACH, for the costs and expenses, including reasonable attorneys' fees, related to the
    collection of amounts owed on the Account.  [*Id.* at ¶ 14.]

12cv1710

1  and sanctions under Rule 11, alleging Plaintiff has filed and pursued the instant action even though he is

2  aware it has no merit, [Doc. No. 18].

3                                    **LEGAL STANDARD**

4  ***I.    Judgment on the Pleadings Under Rule 12(c)***

5         Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed–but early

6  enough not to delay trial–a party may move for judgment on the pleadings."  A motion for judgment on

7  the pleadings must be evaluated under the same standard applicable to motions to dismiss brought under

8  Rule 12(b)(6).  *See Enron Oil Trading & Trans. Co. v. Walbrook Ins. Co., Ltd.*, 132 F.3d 526, 529 (9th

9  Cir. 1997).  Thus, the standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173.

10  L.Ed.2d 868 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S.Ct. 1955, 167 L.Ed.2d

11  929 (2007) applies to a motion for judgment on the pleadings.  *Lowden v. T-Mobile USA, Inc.,* 378

12  Fed.Appx. 693, 692 (9th Cir. 2010) ("To survive a Federal Rule of Civil Procedure 12(c) motion, a

13  plaintiff must allege 'enough facts to state a claim to relief that is plausible on its face'" (quoting

14  *Twombly,* 550 U.S. at 544, 127 S.Ct. 1955)).  When deciding a motion for judgment on the pleadings,

15  the Court assumes the allegations in the complaint are true and construes them in the light most

16  favorable to the plaintiff.  *Pillsbury, Madison & Sutro v. Lerner,* 31 F.3d 924, 928 (9th Cir. 1994).  A

17  judgment on the pleadings is appropriate when, even if all the allegations in the complaint are true, the

18  moving party is entitled to judgment as a matter of law.  *Milne ex rel. Coyne v. Stephen Slesinger, Inc.,*

19  430 F.3d 1036, 1042 (9th Cir. 2005).

20  ***II.    Sanctions Under Rule 11***

21         Rule 11 sanctions are warranted when a party files a lawsuit or motion that is frivolous, legally

22  unreasonable, without factual foundation, or is otherwise brought for an improper purpose. *Warren v.*

23  *Guelker*, 29 F.3d 1386, 1388 (9th Cir.1994).  Complaints filed in the face of previous dismissals

24  involving the same legal issues or the same parties warrant sanctions under Rule 11.  *See Harris v.*

25  *Heinrich*, 919 F.2d 1515, 1516 (11th Cir. 1990); *Kurkowski v. Volcker*, 819 F.2d 201, 204 (8th

26  Cir.1987); *Warren*, 29 F.3d at 1390.  When one party seeks sanctions against another, the Court must

27  first determine whether any provision of Rule 11(b) has been violated. *Id.* at 1389.  A finding of

28  subjective bad faith is not required under Rule 11. *See Smith v. Ricks*, 31 F.3d 1478, 1488 (9th Cir.1994)

("Counsel can no longer avoid the sting of Rule 11 sanctions by operating under the guise of a pure heart and empty head").  Instead, the question is whether, at the time the paper was presented to the Court (or later defended) it lacked evidentiary support or contained "frivolous" legal arguments.  Where such a violation is found, Rule 11 authorizes sanctions against persons-attorneys, law firms, or parties-responsible.  *See Pavelic & LeFlore v. Marvel Entm't Gp.*, 493 U.S. 120, 110 S.Ct. 456, 107 L.Ed.2d 438 (1989); Fed.R.Civ.P. 11(c)(2) ("If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.").

Where such sanctions are sought by motion, Rule 11 contains a "safe harbor" provision stating that a motion for sanctions may not be filed until 21 days after it is served. *See* Fed. R. Civ. Pro. 11(c)(1)(A).  This "safe harbor" gives the party subject to the Rule 11 motion 21 days to withdraw the offending pleading and thereby escape sanctions. *See Barber v. Miller*, 146 F.3d 707, 711 (9th Cir.1998). The 21-day "safe harbor" period is an absolute prerequisite (unless some other period is established by a court) to a motion for sanctions brought by any party. This provision does not apply to bar court-initiated sanction proceedings; however, the court must issue an order to show cause and there are restrictions on the court's *sua sponte* sanctions authority (e.g., no monetary sanctions to an opposing party). *See id.*

## DISCUSSION

### I.    *Motion for Judgment on the Pleadings*

The federal FDCPA was created to protect consumers from unfair and deceptive debt collection practices.  *See* 15 U.S.C. § 1692.[5]  Specially, the FDCPA prohibits a debt collector from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.  *See* 15 U.S.C. § 1692d.  This is consistent with the more general provision that collectors may not use any false representation or deceptive means to collect a debt, 15 U.S.C. § 1692e(10), or unfair or unconscionable means to collect or attempt to collect any debt, unless such amount is expressly authorized by the agreement creating the debt or permitted by law, 15 U.S.C. §§

---

[5] In order for a plaintiff to recover under the FDCPA, there are three threshold requirements: (1) the plaintiff must be a "consumer;" (2) the defendant must be a "debt collector;" and (3) the defendant must have committed some act or omission in violation of the FDCPA.  *Robinson v. Managed Accounts Receivables Corp.*, 654 F.Supp.2d. 1051, 1057 (C.D. Cal. 2009).  The only element at issue in the present case is whether the Defendants committed some act or omission in violation of the FDCPA.

1692f.  Furthermore, collectors may not threaten "to take any action that cannot legally be taken or that is not intended to be taken."  15 U.S.C. § 1692e(5).

Here, Plaintiff contends Defendants violated Sections 1692e, 1692e(10), 1692f, and 1692e(5) of the FDCPA by commencing a debt collection proceeding in state court that had no legal grounds, used false and deceptive means to collect a debt that was not owed by Plaintiff, and engaged in behavior meant only to cause financial hardship to Plaintiff.  [Compl. ¶ 24, 31-45.]  In response, Defendants argue Plaintiff's claims should be dismissed because: (1) Plaintiff's Complaint represents unsupported conclusions as to the merits of the State Court Action; (2) Plaintiff misquotes the language of the complaint in the State Court Action; (3) Plaintiff misunderstands an account stated cause of action; and (4) Defendants were within their rights to dismiss the State Court Action without violating the FDCPA.[6] [Doc. No. 10-1, p. 5-6.]  Upon review of the parties' moving papers and documents included in support thereof, the Court finds Plaintiff's allegations are conclusory and fail to sufficiently allege a claim under the FDCPA.

### A.    Allegations under Sections 1692e and e(10)

Plaintiff contends Defendants violated Sections 1692e and 1692e(10) of the FDCPA because the complaint in the State Court Action alleged Plaintiff entered into an account stated "in writing" when Defendants knew, or should have known that this was untrue.  [Compl. ¶¶ 31, 43.]  Plaintiff maintains that an "account stated" cause of action requires that the parties "enter into a new contract," and because a new contract never existed, a fact that Defendants "either knew or should have reasonably known," Defendants had no basis to file a collection proceeding in state court.  [Id. at ¶ 31.]  Conversely, Defendants claim Plaintiff has a misunderstanding of an account stated cause of action, and neverthe-less, misquotes the state court complaint because Defendants never allege that Plaintiff entered into an account stated "in writing."  [Doc. No. 10-1, p. 11:6-8.] The Court is inclined to agree.

As a preliminary matter, even though Plaintiff's allegations are accepted as true for the purposes of the instant Rule 12(c) motion, the Court need not accept as true allegations that contradict matters

---

[6] Defendants also alleged a breach of contract claim in the state court complaint as a "common count."  The Court finds there is nothing deceptive, misleading, or otherwise questionable regarding Defendants choice to pursue common counts in addition to their breach of contract claim.  See, e.g., HSBC Bank Nevada, N.A. v. Aguilar, 141 Cal.Rptr.3d 206 (2012) (embracing use of common counts).

properly subject to judicial notice or by exhibit.  *See Mullis v. United States Bankr. Ct.*, 828F.2d 1385, 1388 (9th Cir. 1987).  Nor is the Court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.  *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).  Moreover, a district court may properly consider extrinsic evidence whose contents are alleged in the complaint or involve matters subject to judicial notice.  *See In re Stac Elec. Sec. Litig.*, 89 F.3d 1399, 1405 n. 4 (9th Cir. 1996) ("Documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss.") (internal quotation marks and brackets omitted); *Mack v. South Bay Beer Distribs., Inc*., 798 F.2d 1279, 1282 (9th Cir.1986) ("[O]n a motion to dismiss a court may properly look beyond the complaint to matters of public record and doing so does not convert a Rule 12(b)(6) motion to one for summary judgment.").

Accordingly, because the complaint in the State Court Action was referenced in Plaintiff's Complaint, [Compl. ¶ 22], and the Court granted Defendants' unopposed request for judicial notice, the facts as alleged in the state court complaint will be considered in ruling on the instant motion.  In doing so however, the Court is not ruling on the veracity of the facts as alleged in the State Court Action.  Rather, the Court is only considering the facts in the State Court Action to determine whether the underlying allegations support Plaintiff's instant federal cause of action under the FDCPA.

An account stated is "a writing which exhibits the state of account between parties and the balance owing from one to the other, and when it assented to… becomes the new contract." *See Gardner v. Watson*, 170 cal. 570, 574 (1915).  An account stated claim has three elements: "(1) previous transactions between the parties establishing the relationship of debtor and creditor; (2) an agreement between the parties, express or implied, on the amount due from the debtor to the creditor; and (3) a promise by the debtor, express or implied, to pay the amount due." *Zinn v. Fred R. Bright Co.,* 271 Cal. App. 3d 597, 600 (1969).  "When a statement is rendered to a debtor and no reply is made in a reasonable time, the law implies an agreement that the account is correct as rendered.  *Maggio Inc. v. Neal,* 196 Cal. App. 3d 745, 753 (1987).  Numerous federal courts throughout California have rejected "the notion that an action for unpaid credit card debt must be for breach of an original credit card agreement rather than for an account stated." *Shubin v. Midland Credit Mgmt., Inc*., 2008 WL 5042849,

*5 (C.D. Cal. 2008) (granting summary judgment in favor of defendant on FDCPA claim based upon complaint seeking to recover unpaid credit card debt asserting account stated claim); *see also, Greenberg v. Hunt & Henriques*, 2011 U.S. Dist. LEXIS 116992, *9 n. 2 (C.D. Cal. 2011) (noting that the Court's independent research did not find any support for the proposition that common counts cannot form the basis of a lawsuit to recover an unpaid credit card account).

Here, Plaintiff's misunderstanding of the account stated cause of action ultimately necessitates dismissal. The complaint in the State Court Action alleges that there were previous transactions between GE Money Bank and Plaintiff, whereby a relationship of debtor and creditor was established. When Plaintiff subsequently fell behind on payments, demand was made to Plaintiff on the outstanding amount due. Plaintiff never contested the validity of the debt or the total amount owed. Thus, Plaintiff implicitly assented to the terms of the account stated by failing to respond in a reasonable time.[7] *See Maggio Inc. v. Neal*, 196 Cal. App. 3d 745, 753 (Cal. App. 4th Dist. 1987); *See Crofts & Anderson v. Johnson*, 101 Cal.App.2d 418, 421 (1950) (finding that an account stated claim requires a statement sent to the debtor setting forth the amount owed, and the debtor either explicitly admitting the correctness of the claim or acquiescing to the amount by failing to object). Therefore, the Court finds the state court pleadings do not, as currently alleged, form a sufficient basis for Plaintiff's federal FDCPA cause of action.

Furthermore, to state a claim under the FDCPA, Plaintiff must show that Defendants' "state court complaint could have misled a hypothetical debtor." *Velazquez v. Arrow Fin. Servs. LLC,* 2009 U.S. Dist. LEXIS 77650, *6 (S.D. Cal. 2009). Courts in the Ninth Circuit apply a "least sophisticated debtor" standard to claims under Section 1692e. *Wade v. Reg'l Credit Ass'n*, 87 F.3d 1098, 1100 (9th Cir.1996). A debt collector violates Section 1692e when its actions "are likely to deceive or mislead a hypothetical least sophisticated debtor." *Id.* (quotation omitted); *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 934 (9th Cir.2007); *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1033 (9th Cir.2010)

---

[7] Plaintiff never alleges that he continued to engage in a debtor-creditor relationship with GE Money Bank after his account became deficient. Thus, in line with cases cited to in his opposition, (Doc. No. 20, p.7:16-20), the demand for the amounts due and owing would be more than a "mere memorandum," and were intended to be a "final settlement up to date." *Ahlbin v. Crescent Commercial Corp.*, 100 Cal. App. 2d 646, 648 (1950).

12cv1710

(finding that statements from debt collectors improperly classifying the payment due between principal and interest were not actionable material misleading statements).

Here, Plaintiff has not shown that Defendants' state court complaint could have misled such a hypothetical debtor.  Plaintiff alleges that Defendants sought to collect a debt not actually owed, but fails to substantiate these allegations with something more than conclusory or evasive allegations that he "currently takes no position as to the validity of the alleged debt." [Compl. ¶ 20.]  Furthermore, Plaintiff fails to indicate how a hypothetical debtor would be misled by the institution of an account stated claim based on a deficient account he never alleges is false. *Velazquez v. Arrow Fin. Servs. LLC*, 2009 U.S. Dist. LEXIS 77650, *6 (S.D. Cal. 2009) (granting dismissal where Plaintiff alleged that state court complaint "sought to collect a debt not actually owed" and classifying allegation as conclusory allegation not entitled to assumption of truth.) This is further supported by the fact that Plaintiff does not explicitly contest any of the facts pled in the State Court Action.  For example, Plaintiff does not allege he did not receive a statement of account from GE Money Bank—the original creditor—or that he objected to that statement within a reasonable amount of time.  Accordingly, Plaintiff has not alleged sufficient facts to set forth a plausible claim under either Section 1692e or 1692e(10).

### B.    *Allegations Under Sections 1692f*

Plaintiff next alleges Defendants violated Section 1692f of the FDCPA because the State Court Action was initiated "not to pursue legitimate litigation, but to cause Plaintiff financial hardship with the intent of coercing Plaintiff to settle the action."  [Compl. ¶ 24.]  Plaintiff further alleges that the State Court Action "had no merit, or evidentiary support," and was "brought for the sole purpose of coercing Plaintiff to pay [the] alleged debt."  [*Id*. at ¶ 26.]

However, as already stated above, the Court is not inclined to agree.  Besides conclusory statements regarding the merit of the underlying State Court Action, Plaintiff offers no support–other than parroting the language of the statute–that Defendants' account stated cause of action lacked merit. Specifically, Plaintiff never alleges he does not owe the debt, never alleges he contested the debt, and never alleges facts contesting a delinquent account with GE Money Bank. Instead, Plaintiff states he "takes no position as to the validity of this alleged debt."  *See Warren v. Fox Family Worldwide, Inc*., 328 F.3d 1136, 1139 (9th Cir. 2003) (stating that a court may "ignore legal conclusion, unsupported

conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegation"); *Velazquez v. Arrow Fin. Servs. LLC*, 2009 U.S. Dist. LEXIS 77650 (S.D. Cal. 2009) (dismissing a FDCPA complaint because plaintiff had failed to allege "facts showing that defendant had no right to institute the action or that defendant did not intend to litigate the action").  Accordingly, the Court finds Plaintiff has failed to allege sufficient facts to set forth a plausible claim under Section 1692f.  *Twombly*, 550 U.S. at 555 (Rule 8's pleading standard demands more than "an unadorned, the-defendant-unlawfully- harmed-me accusation").

### C.   *Allegations under Section 1692e(5)*

Plaintiff's claim under Section 1692e(5) is similarly deficient.  The FDCPA prohibits debt collectors from threatening to take action that cannot legally be taken or that they do not intend to take. 15 U.S.C. § 1692e(5); *Wade*, 87 F.3d at 1099–1100.  Plaintiff alleges that Defendants violated this section by filing the State Court Action because Defendants never intended to proceed to trial and only initiated the State Court Action to "cause Plaintiff further expenses and coercion."  [Compl. ¶ 38.] Plaintiff contends this is only further supported by the fact that Defendants have since dismissed the State Court Action without prejudice.  The Court is not persuaded.

Merely filing a cause of action is insufficient to give rise to liability under the FDCPA.  *See Mansfield v. Midland Funding, LLC,* 2011 U.S. Dist. LEXIS 34102 (S.D. Cal. 2011) ("[A] debt collector may file a debt collection action even if the debt collector does not at the time of filing have adequate proof to support the claim.").  Thus, even if Plaintiff could allege that he did not owe a debt, which he does not do, suits are "not threats but actions" and Defendants have a legal right to pursue them.  *Medialdea v. The Office of Evan L. Loeffler PLLC,* 2008 U.S. Dist. LEXIS 109013 (W.D. Wash. 2008).  Defendants also had a legal right to voluntarily dismiss the State Court Action against Plaintiff. *See Velazquez v. Arrow Fin. Serv. LLC*, 2009 U.S. Dist. LEXIS 77650 (S.D. Cal. 2009) (explaining that electing to dismiss a claim without prejudice does not amount to an FDCPA violation); *see also Heintz v. Jenkins,* 514 U.S. 291, 295-96 (1995) ("[W]e do not see how the fact that a lawsuit turns out

12cv1710

1    ultimately to be unsuccessful could, by itself, make the bringing of it an action that cannot legally be

2    taken."). Accordingly, Plaintiff's allegation under Section 1692e(5) must fail.[8]

3    **II.    *Motion for Sanctions***

4          Defendants contend sanctions under Rule 11 are warranted because (1) the Complaint does not

5    contain facts sufficient to meet the pleading standards articulated by the Supreme Court in *Bell Atlantic*

6    *Corp. v. Twombly*, 127 S.Ct. 1955 (2007) and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009); and (2)

7    Plaintiff's claims are premised on a meritless distortion of the account stated cause of action and, as

8    such, are frivolous.  Specifically, Defendants maintain that despite being put on notice of these

9    deficiencies by Defense Counsel, (Doc. No. 18, Ex. 1), as well as Judge Anello's order in a similar

10   action—*Hashimi v. CACH, LLC*, Case No. 3:12-cv-01010-MMA-BLM—Plaintiff's Counsel has

11   continued to advocate the Complaint in violation of Rule 11.

12         Notwithstanding Defendants arguments, the Court finds sanctions unwarranted at this time.[9]

13   Crucial to this determination is the fact that Plaintiff filed the instant Complaint on July 11, 2012, over a

14   month before Judge Anello issued his order granting Defendants' motion for judgment on the pleadings

15   without leave to amend on August 22, 2012.  Furthermore, although Defendants' current motion for

16   judgment on the pleadings was filed on September 6, 2012, after Judge Anello's order, the *Hashimi*

17   Case is currently on appeal.  Finally, although this Court recently granted Defendants' motion for

18   judgment on the pleadings in a similar case—*Culp v. CACH, LLC*, Case No. 3:12-cv-00927-AJB-

19   DHB—and issued warnings to Plaintiff's Counsel with respect to future averments lacking a factual

20   basis in any amended complaint, such warnings issued by the Court were case specific.  Thus, this is not

21   the case where a complaint has been filed "in the face of previous dismissals involving the exact same

22   parties under the same legal theories." *Kurkowski v. Volcker*, 819 F.2d 201, 204 (8th Cir.1987).

23   Accordingly, the Court **DENIES** Defendants' motion for sanctions as premature.

24

25         [8] Plaintiff cites *Real v. Midland Funding, LLC*, 12-CV-0528 DMS (DHB) for the proposition that
     the Southern District has considered and rejected arguments similar to those advanced by Defendants in
26   this case.  The Court finds *Real* distinguishable because it focused on whether Defendants had violated
     CCP 128.7 in the underlying state court action, and not whether the state court action supported a
27   plausible claim under the FDCPA.

         [9] Defendants complied with the 21-day safe harbor provision under Federal Rule of Civil
28   Procedure Rule 11(c)(2) by serving Plaintiff's Counsel by mail with a copy of the motion for sanctions.
     (Doc. No. 18, Ex. B.)

12cv1710

**CONCLUSION**

For the reasons set forth above, the Court **GRANTS** Defendants' motion for judgment on the pleadings with leave to amend, and **DENIES** Defendants' motion for sanctions without prejudice. Plaintiff must file an amended complaint within thirty (30) days of and in accordance with this Order. Defendants will then have thirty (30) days from the filing of the amended complaint to answer or otherwise respond.  If Plaintiff fails to amend within the time provided, the Court will enter a dismissal with prejudice of this action.  In addition, if Plaintiff elects to file an amended complaint, and fails to cure the deficiencies noted in this Order, the Court will entertain a defense request for sanctions under 28 U.S.C. 1927.


IT IS SO ORDERED.


DATED:  October 31, 2012

Hon. Anthony J. Battaglia
U.S. District Judge

12cv1710